IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JOHN THOMAS SAKREKOV,    )
                         )
            Plaintiff,   )
                         )
                         )    CIV-12-130-W
v.                       )
                         )
MARGARET GRISMER, et al.,)
                         )
            Defendants.  )

## REPORT  AND  RECOMMENDATION

Plaintiff, a federal prisoner appearing *pro se* and *in forma pauperis*, brings this civil

rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of</u>

<u>Narcotics</u>, 403 U.S. 388 (1971).[1]  The matter has been referred to the undersigned Magistrate

Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

In this action, Plaintiff filed an Amended Complaint on April 10, 2012.  In the

Amended Complaint, Plaintiff states that he is confined in the custody of the Bureau of

Prisons ("BOP") at the Federal Medical Center in Lexington, Kentucky.  Plaintiff names as

Defendants Ms. Grismer, who is identified as a health services administrator at the Federal

---

[1]Although Plaintiff labeled his initial pleading filed in the United States District Court for
the Western District of Arkansas a 28 U.S.C. § 2255 motion to vacate and labeled his Amended
Complaint a 42 U.S.C. § 1983 action, he is a federal prisoner seeking relief for alleged
unconstitutional actions/omissions caused by federal officials.  Accordingly, the cause of action is
construed as one seeking relief solely under <u>Bivens</u>.  <u>See</u> <u>Corr. Servs. Corp. v. Malesko</u>, 534 U.S.
61, 70 (2001)("The purpose of <u>Bivens</u> is to deter individual federal officers from committing
constitutional violations.").  The case was transferred to this Court on February 2, 2012.

Correctional Institution located in El Reno, Oklahoma ("FCI El Reno"), Dr. Zeavin, who is identified as a physician and clinical director at FCI El Reno, Ms. Demers,[2] who is identified as a health services administrator at FCI El Reno and physician's assistant, and Ms. Racz, who is identified as a physician's assistant at FCI El Reno.

Plaintiff alleges that his Eighth Amendment rights have been violated due to deliberate indifference by Defendants to his serious medical needs.  Plaintiff contends that during his confinement at FCI El Reno Defendants delayed providing Plaintiff a hip replacement operation although an orthopedic surgeon and a rheumatologist stated that he needed this operation.   Plaintiff also alleges that while he was confined at FCI El Reno he was provided  a medication, Elavil®, to treat his pain and that this medication did not adequately resolve his pain. Finally, Plaintiff alleges that he had "a very severe case of Psoriasis" and that he was referred for treatment by a rheumatologist, Dr. Schnitz, "on four or more occasions," instead of a dermatologist. Amended Complaint, at 11.  In any event, Plaintiff alleges that Dr. Schnitz "prescribe[d] the proper medication for the Psoriasis and it is presently under control." Id.

 As relief, he seeks millions of dollars in compensatory and punitive damages as well as an injunction "prohibiting [BOP] from denying any other prisoners medical care based upon the length of their sentence." Id. at 12.

---

[2]Defendant Demers states that Plaintiff misspelled her name in the Amended Complaint.  In light of this statement, Defendant Demers is identified using the correct spelling of this Defendant's name.

Defendants Zeavin and Racz have moved to dismiss the cause of action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief or, alternatively, on the basis of qualified immunity. (Doc. # 35). Plaintiff has responded to the Motion. (Doc. # 39). Defendants Zeavin and Racz have replied to the response. (Doc. # 40). Defendants Grismer and Demers have moved to dismiss the action pursuant to 42 U.S.C. § 233(a) or, alternatively, on the basis of qualified immunity. (Doc. # 36). Plaintiff has responded to the Motion. (Doc. # 39). Defendants Grismer and Demers have replied to the response. (Doc. # 41).

I. Absolute Immunity

Under federal law, the United States is the exclusive defendant for injuries "resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation" caused by employees of the United States Public Health Service ("PHS") while acting within the scope of their employment. 42 U.S.C. § 233(a). Interpreting this provision, the Supreme Court has held that "Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct." Hui v. Castaneda, __ U.S. __, 130 S.Ct. 1845, 1851 (2010).

In Hui, the Court addressed the Bivens action filed by family members of a former, deceased federal immigration detainee. The plaintiffs in Hui sought damages for the alleged deliberate indifference to the decedent's serious medical needs during his detention caused by, *inter alia*, a PHS employee, Dr. Hui, and a PHS commissioned officer who was the health

3

services administrator of the detention facility.  The Court held that the immunity provided by § 233 (a) precludes a <u>Bivens</u> action against individual PHS officers or employees for harms arising out of conduct described in the statute and that the PHS employee and officer sued in <u>Hui</u> were therefore immune pursuant to § 233 from the <u>Bivens</u> claims alleged against them. <u>Id.</u> at 1854.

Defendants Grismer and Demers, who are PHS commissioned officers, have invoked the immunity provided by § 233(a).  Defendant Grismer states that she is a commissioned PHS officer and currently serves as the Director of Nursing at the United States Medical Center for Federal Prisoners in Springfield, Missouri.  Defendant Demers states that she is a commissioned PHS officer and currently serves as the Assistant Health Services Administrator at FCI El Reno.  Defendants Grismer and Demers have attached to their Motion the certification of the United States Attorney for the Western District of Oklahoma, Mr. Coats, that Defendants Grismer and Demers were acting within the scope of their PHS employment at the time of the incidents alleged in the Plaintiff's Amended Complaint. Motion (Doc. # 36), Ex. 1.

Plaintiff alleges in his Amended Complaint that Defendant Grismer was present when an orthopedic surgeon, Dr. O'Brian, stated that Plaintiff needed hip replacement surgery.  He alleges that Defendant Grismer stated at that time that Plaintiff would "not be placed on the national list for hip replacement" because he only had 26 months left to serve on his sentence and he was not old enough. Amended Complaint, at 2.  Plaintiff alleges inconsistently in the Amended Complaint that Defendant "Grismer plainly stated that because the Plaintiff only

had 26 months left on his sentence it was unlikely he would be placed on the list." Amended Complaint, at 8.

Plaintiff mentions Defendant Demers only once in the Amended Complaint.  He alleges in a conclusory manner that Defendant Demers and Defendants Grismer, Zeavin, and Racz "knew of the Plaintiff's medical need, and deliberately prevented him from obtaining the necessary medical care to relieve his constant excruciating pain resulting from walking on bone to bone exposure in a hip that needed to be replaced." Amended Complaint, at 6. In consideration of Plaintiff's responsive pleading, Plaintiff's *pro se* allegations in the Amended Complaint are construed to allege that Defendant Demers, in her capacity as a physician's assisant, provided medical treatment to Plaintiff while he was confined at FCI El Reno. Plaintiff's Response (Doc. # 39), at 2.

Plaintiff's Response does not address the immunity defense raised by Defendants Grismer and Demers in their Motion to Dismiss.  Pursuant to 42 U.S.C. § 233(a), Defendants Grismer and Demers are absolutely immune from liability in this Bivens action.   Therefore, Defendants Grismer and Demers' Motion to Dismiss should be granted on this basis.

II. Deliberate Indifference to Serious Medical Needs

With respect to Defendant Racz, Plaintiff alleges in the Amended Complaint that Defendant Racz, in her capacity as a physician's assistant at FCI El Reno, was present when an orthorpedic specialist advised Plaintiff, Ms. Grismer, and Ms. Racz on February 28, 2011, that Plaintiff needed hip replacement surgery.  With respect to Defendant Zeavin, Plaintiff alleges in the Amended Complaint that Defendant Zeavin, in his capacity as the clinical

director at FCI El Reno, stated that the orthopedic specialist did not recommend Plaintiff for hip replacement surgery. Plaintiff alleges in a conclusory statement that Defendants Zeavin and Racz, along with Defendants Grismer and Demers, "knew of the Plaintiff's medical need, and deliberately prevented him from obtaining the necessary medical care to relieve his constant excruciating pain resulting from walking on bone to bone exposure in a hip that needed to be replaced." Amended Complaint, at 6.

Defendants Zeavin and Racz have moved to dismiss the action against them pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief or, alternatively, on the basis of qualified immunity. Plaintiff was advised of his obligations in responding to Defendants Zeavin and Racz's Motion under Fed. R. Civ. P. 12 and 56. Defendants Zeavin and Racz have submitted evidentiary documents in support of their Motion, and Plaintiff has submitted evidentiary materials in support of his Response to these Defendants' Motion. Therefore, the Motion will be construed as one seeking summary judgment pursuant to Fed. R. Civ. P. 56(a).

Summary judgment may be granted when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court reviews the evidence and inferences drawn from the record in the light most favorable to the nonmoving party. Burke v. Utah Transit Auth. & Local, 462 F.3d 1253, 1258 (10th Cir. 2006)(quotation omitted), cert. denied, 550 U.S. 933 (2007). A dispute is "genuine" if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

"Material facts" are "facts which might affect the outcome of the suit under the governing law." Id. "At the summary judgment stage, a complainant cannot rest on mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true." Burke, 462 U.S. at 1258 (internal quotation marks and citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)(quotations omitted).

The uncontroverted, material facts relevant to the summary judgment motion at issue are as follows. Plaintiff is an inmate currently incarcerated at the Federal Medical Center located in Lexington, Kentucky ("FMC Kentucky"). Defendant Zeavin is a physician and an employee of BOP serving as the Clinical Director at FCI El Reno. Defendant Racz is a physician's assistant ("PA") and employee of BOP serving as a mid-level practitioner at FCI El Reno. Plaintiff received extensive medical treatment while he was confined at FCI El Reno. On February 28, 2011, the FCI El Reno medical staff, including Dr. Zeavin and PA Racz, referred Plaintiff to an orthopedic specialist. The specialist found that Plaintiff's arthritic hip was Grade IV. Prior to recommending Plaintiff for immediate surgical intervention, the FCI El Reno medical staff prescribed conservative treatment consisting of medications for chronic pain and physical therapy. On July 20, 2011, the FCI El Reno medical staff recommended Plaintiff for transfer to a federal medical center for hip replacement surgery.

7

In the written "Medical/Surgical and Psychiatric Referral Request" submitted to BOP by Dr. Zeavin, Dr. Zeavin stated that Plaintiff had severe degenerative disease in his left hip, that he had been referred for evaluation by Dr. O'Brien, an orthopedic specialist, who stated on February 28, 2011, that Plaintiff had grade IV osteoarthritis in his left hip and that Plaintiff would likely need a hip replacement, that Dr. O'Brien recommended activity modification, steroid anti-inflammatory medication, and a 16-week program of physical therapy, that Plaintiff completed the 16-week program of physical therapy, that he "remained compliant" with prescribed medications and physical therapy appointments, that he was taking Tylenol and Naproxen for his osteoarthritic pain and another pain medication for lower back pain, that Plaintiff had no contraindications for surgery as his diabetes was well controlled and his psoriasis had not resulted in secondary infections, and that it was requested Plaintiff be transferred to a federal medical center for hip replacement surgery. Motion (Doc. # 35), Ex. 2; Motion (Doc. # 36), Ex. 4 (Affidavit of Defendant Demers, in her capacity as Assistant Health Services Administrator for BOP at FCI El Reno).  Subsequently, BOP transferred Plaintiff from FCI El Reno to FMC Kentucky on December 28, 2011, and on September 4, 2012, Plaintiff underwent an operation for total left hip replacement at that facility.

Plaintiff's Eighth Amendment claim is governed by the Supreme Court's decision in Farmer v. Brennan, 511 U.S. 825 (1994).  In Farmer, the Court reiterated that a "prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Id. at 828.  With respect to medical care, the Eighth Amendment

is violated if prison officials show "deliberate indifference to an inmate's serious medical needs." <u>Mata v. Saiz</u> 427 F.3d 745, 751 (10th Cir. 2005).

To satisfy the constitutional standard for imposing liability, a prisoner must show that, objectively, the inmate's medical needs were "sufficiently serious." <u>Id.</u> at 1230-1231. A medical need is sufficiently serious if it "has been diagnosed by a physician as mandating treatment or ... is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. <u>Sealock v. Colorado</u>, 218 F.3d 1205, 1209 (10th Cir. 2000)(internal quotation omitted). The prisoner must also show that the prison official acted with a "sufficiently culpable state of mind" such that the official knew of and disregarded an excessive risk to the inmate's health. <u>Self</u>, 439 F.3d at 1230-1231. <u>See also Mata</u>, 427 F.3d at 751. "[A] delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm." <u>Garrett v. Stratman</u>, 254 F.3d 946, 950 (10th Cir. 2001)(internal quotations omitted).

Plaintiff has alleged that Defendants Zeavin and Racz delayed medical treatment for his hip condition in violation of his Eighth Amendment rights, that Defendants failed to provide adequate medication to treat his left hip pain, and that Defendants did not provide adequate treatment for his psoriasis. The uncontroverted material facts and documentary evidence show that Plaintiff received medical treatment, including pain medications and physical therapy, at FCI El Reno for arthritis in his left hip and for psoriasis, that the FCI El Reno medical staff referred Plaintiff for evaluation by an orthopedic specialist for his left hip arthritis and referred Plaintiff to a rheumatologist for treatment of his psoriasis, that five

months after the orthopedic evaluation FCI El Reno medical staff recommended to BOP that Plaintiff be transferred to a federal medical center for hip replacement surgery, and that Plaintiff admits his psoriasis was well controlled on medications prescribed by the rheumatologist.

Although Plaintiff alleges in his responsive pleading that FCI El Reno's medical staff did not "exhaust[ ] all ways to stop" his left hip pain and "ma[de] me walk everywhere with bone on bone contact . . . ." Response, at 2.   However, Plaintiff does not controvert Defendants Zeavin and Racz's statement in their Statement of Facts that Plaintiff was prescribed medications for chronic pain and that FCI El Reno's medical staff pursued conservative treatment measures prior to referring him for hip replacement surgery only five months after the orthopedic consultation.  Plaintiff admits in a "Statement of Facts" attached to his responsive pleading that when he complained to PA Racz in May 2011 that Elavil® was not working to control his left hip pain, PA Racz stopped this medication and prescribed other pain medications. Plaintiff's Response (Doc. # 39), att. 1, at 9.  Plaintiff's allegations and the uncontroverted evidence shows that Plaintiff disagreed with Defendants' medical opinions and course of treatment for his left hip condition, but this disagreement does not establish an Eighth Amendment violation. Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 811 (10th Cir. 1999)(prisoner who disagrees with diagnosis or prescribed course of treatment does not state constitutional deprivation).

In light of the uncontroverted facts and evidence in the record, a reasonable jury would not find that any delay in Plaintiff's receipt of a hip replacement operation was caused

by the deliberate indifference of Dr. Zeavin or PA Racz.  Additionally, in light of the uncontroverted facts and evidence in the record, a reasonable jury would not find that Defendants Zeavin or Racz were deliberately indifferent to Plaintiff's medical need for pain medication or medical need for treatment for psoriasis.  Therefore, Defendants Zeavin and Racz's Motion construed as a motion for summary judgment should be granted.


## RECOMMENDATION

Based on the foregoing findings, it is recommended that Defendants Grismer and Demers' Motion to Dismiss (Doc. #36) be granted and the claims brought against them be dismissed.  It is also recommended that the Motion to Dismiss filed by Defendants Zeavin and Racz (Doc. #35), construed as a motion for summary judgment, be granted and that judgment be entered in favor of Defendants Zeavin and Racz and against the Plaintiff on all claims.   Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by   February 4th, 2013, in accordance with 28 U.S.C. § 636.  The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed

herein is denied.

      ENTERED this ___14th___ day of ___January___, 2013.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE